UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LUCY BARDEN,

        Plaintiff,                      Case No.:

v.

THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA,

        Defendant.

_____/

## COMPLAINT

COMES NOW the Plaintiff, LUCY BARDEN, (hereinafter "Plaintiff") by and through the undersigned attorney, and files this Complaint stating a cause of action against the Defendant, THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA (hereinafter "Guardian" and/or "the Guardian"), and alleges as follows:

1. This is an action for recovery of benefits under an employee welfare benefit plan brought pursuant to 29 U.S.C. §1132(a)(1)(b)(ERISA). Plaintiff seeks to recover benefits she claims are due to her under her employer's group policy issued by the Guardian, which she claims have been wrongfully denied.

## PARTIES

2. At all times material hereto, Plaintiff was and is an adult resident citizen of Santa Rosa County, Florida, and otherwise a resident of the State of Florida.

3. At all times material hereto, The Guardian was and is a foreign corporation authorized to engage and engaging in business within the State of Florida, including Santa Rosa County, Florida.

4. At all times relevant to this action, Plaintiff purchased a plan for long-term disability benefits pursuant to her former employer, Covenant Hospice, Inc.'s, group benefit plan, under plan number 519914 ("the Plan").

5. At all times material to this Complaint, the Plan was in full force and effect and Plaintiff was a Plan participant.

6. The Guardian is in possession of all master Plan documents.

7. The Guardian is a Plan Fiduciary and a claims fiduciary, and both makes decisions and pays awarded benefits out of its own funds and is thus operating under a conflict of interest.

## BASIS FOR JURISDICTION

8. This Court maintains subject matter jurisdiction over this action pursuant to 29 U.S.C. § 1132(e) and 28 U.S.C. § 1331.

## UNLAWFUL DENIAL OF BENEFITS

9. Plaintiff realleges and reaffirms the allegations contained in the paragraphs above, and further alleges as follows.

10. Plaintiff purchased through her former employer, Covenant Hospice, Inc., a contract of salary continuance (the Plan) that included long-term disability benefits under any period of disability as defined by the Plan.

11. On or about October 31, 2017, Plaintiff became totally disabled from performing any gainful work on a full-time basis with reasonable accommodation as defined by the Plan, due to cervical spondylosis; bilateral knee osteoarthritis; torn right rotator cuff; obesity; hypertension; hypothyroidism; GERD; osteopenia; asthma; obstructive sleep apnea; Vitamin D deficiency; and other exertional and non-exertional impairments.

12. Alternatively, on or about November 27, 2017, Plaintiff became totally disabled from performing any gainful work on a full-time basis with reasonable accommodation as defined by the Plan, due to cervical spondylosis; bilateral knee osteoarthritis; torn right rotator cuff; obesity; hypertension; hypothyroidism; GERD; osteopenia; asthma; obstructive sleep apnea; Vitamin D deficiency; and other exertional and non-exertional impairments.

13. On or about May 7, 2018, the Guardian received Plaintiff's application for long-term disability benefits under the Plan.

14. The Guardian acknowledged receipt of Plaintiff's application

for long-term disability benefits under the Plan by letter dated May 9, 2018.

15. On or about July 27, 2018, the Guardian, or its agents, denied Plaintiff's claim for long-term disability benefits.

16. On or about February 27, 2019, Plaintiff requested an extension of time to file her appeal.

17. On or about March 7, 2019, the Guardian granted Plaintiff an extension of time for Plaintiff to file her appeal.

18. On or about April 18, 2019, Plaintiff timely appealed the denial of her long- term disability benefits.

19. On or about June 21, 2019, Plaintiff was awarded long-term disability benefits commencing on February 25, 2018 (following a ninety (90) day elimination period) under the Plan.

20. On or about August 23, 2019, the Guardian notified Plaintiff that her long-term disability benefits would cease effective February 25, 2020.

21. Plaintiff received long-term disability benefits (including past-due benefits) covering the benefit periods from February 25, 2018 through March 24, 2020. The Guardian paid Plaintiff until its review of her claim was deemed to be complete.

22. On or about April 1, 2020, the Guardian, or its agents, determined Plaintiff was no longer disabled as defined by the Plan.

23. On or about September 2, 2020, Plaintiff timely appealed the denial/termination of her long-term disability benefits.

24. On or about March 5, 2021, the Guardian, or its agents, upheld its decision to deny Plaintiff's claim for long-term disability benefits/terminate Plaintiff's long-term disability benefits.

25. Plaintiff continues to suffer from cervical spondylosis; bilateral knee osteoarthritis; torn right rotator cuff; obesity; hypertension; hypothyroidism; GERD; osteopenia; asthma; obstructive sleep apnea; Vitamin D deficiency; and other exertional and non-exertional impairments, which render her disabled as defined by the Plan and thus is and remains entitled to long-term disability benefits under the Plan.

26. Plaintiff has exhausted all available administrative remedies afforded by the Plan and has otherwise complied with all conditions precedent to this action.

WHEREFORE, Plaintiff prays for a judgment against the Defendant, THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, for all Plan benefits owed at the time of said judgment, back-due benefits from the date of Defendant,

THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA's, cut-off, pre-judgment interest, attorneys' fees, costs of this action, and all other relief deemed just and proper by the Court.

Dated: <u>04/06/2021</u>

<u>/s/Daniel J. Finelli</u>
Daniel J. Finelli, Esq.
Florida Bar No.: 101084
d.finelli@solowaylawfirm.com
Daniel M. Soloway, Esq.
Florida Bar No.: 508942
d.soloway@solowaylawfirm.com
Soloway Law Firm
1013 Airport Blvd.
Pensacola, FL 32504
(850) 471-3300 (T)
(850) 471-3392 (F)
Counsel for Plaintiff
